# United States District Court

CENTRAL DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA
v.
**Aruther L. Prather**
**Springfield, IL**

CRIMINAL COMPLAINT

CASE NUMBER 05-3055-m

(Name and Address of Defendant)

E-FILED
Thursday, 08 September 2005 01:30:59 PM
Clerk, U.S. District Court, ILCD

FILED
SEP 0 7 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief:

On or about November 2, 2001, in the Central District of Illinois, Aruther L. Prather did make a false, fictitious and fraudulent statement regarding a material matter on a VA Financial Status Report, and submitted that report to the VA, a Department of the United States, in violation of Title 18, United States Code, Section 1001. I further state that I am a Special Agent with the Department of Veteran's Affairs, Office of Inspector General, Office of Investigations and that this complaint is based on the following facts:

**See Attached Affidavit of Special Agent Joanne Beltrame**

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

s/Joanne Beltrame
Signature of Complainant

Sworn to before me and subscribed in my presence,

September 7, 2005   2:30 PM         at   Springfield, Illinois
Date                                     City and State

Byron G. Cudmore, U.S. Magistrate Judge          s/Byron Cudmore
Name & Title of Judicial Officer                 Signature of Judicial Officer

STATE OF ILLINOIS     )
                      ) SS.
COUNTY OF SANGAMON )

## AFFIDAVIT

Joanne T. Beltrame, being duly sworn, deposes and states:

1. I am a Special Agent with the U.S. Department of Veterans Affairs, Office of Inspector General (VAOIG) and have been so employed since January 1987. The VAOIG is charged with the responsibility of conducting investigations relating to the programs and operations of the Veteran's Administration (VA). I am currently stationed at the Central Field Office of Investigations, Hines, IL.

2. The information in the affidavit is the result of joint investigation conducted with Terry Brown, Special Agent, Social Security Administration (SSA), Office of Inspector General, Investigations and Steven Hilgers, an Investigator with the Illinois Department of Public Aid (IDPA).

3. Aruther Prather is the name of a claimant for VA benefits. On certain documents, his name is spelled as "Arthur" Prather, and on others as "Aruther" Prather. The name under which he served in the armed forces is Aruther Lee Prather. This is the name that will be used for the remainder of this affidavit.

4. After serving in the U.S. Army from August of 1968 through August of 1977, Aruther Prather received an honorable discharge. He applied for VA service-connected disability compensation benefits in November of 1977 for fractures to the ankle and thumb as well as for hypertension, which was denied. Aruther Prather was re-examined in August 1985 for fractures, hypertension, and eczematous dermatitis, and was awarded VA disability compensation benefits at the disability rate of 10% for dermatitis effective 11/26/1985; 30% effective 11/28/1986; and 40% effective 10/3/1991.

5. A. The VA pension program furnishes monetary support for veterans with little or no income who are permanently disabled if they have 90 days or more of active military service, at least one day of which was during a period of war. Veterans have to be discharged under conditions other than dishonorable. Monthly payments are made to qualified veterans to bring their total income, including wages, retirement, or social security payments to a level set by Congress.

   B. VA disability compensation is a monetary benefit paid to veterans who are disabled by injury or disease incurred or

aggravated during active military service. The veteran must have been terminated through separation or discharged under conditions other than dishonorable. Disability compensation varies with the degree of disability and number of dependents and is received on a monthly basis and is not based on income.

6. The VA claim file contains a net worth and employment statement dated September 3, 1997 submitted by Aruther Prather to receive VA pension benefits which later began retroactively effective May 1, 1997. Aruther was eligible to receive a VA pension based on his disabilities and his inability to secure employment. Due to his claim of no income, monthly pension benefits were greater for him than the payable disability compensation rate, and he therefore received a VA pension instead. This would not have been the case would he have correctly reported his income for those years.

7. A review of records, including a cross-match with the Social Security Administration revealed that Aruther Prather was employed and received wages from various employers from 1997 through 2003. Social Security Administration wage information that reflects that Aruther received $2,785 in 1997; $6,151 in 1998; $114 in 1999; $6,370 in 2000; $12,150 in 2001; $9,415 in 2002; and $1,702 in 2003. Illinois Unemployment Compensation Department records reflect Aruther received $4,176 in 1997; $4,816 in 2002; and $1,111 in 2003 in unemployment compensation benefits based on claims filed by Aruther.

8. A review of the records reveals that Aruther Prather also periodically failed to report to the VA that his spouse, Alma Ousley-Prather, was receiving income in the form of SSI benefits for herself and two children since 1991.[1] In addition, Aruther failed to report to the VA that Alma Ousley-Prather received public assistance and food stamps since the early 1990s as required by the VA. Additionally records reflect that Alma Ousley-Prather had income from employment during some of these same years.

9. For example, on or about April 13, 1998, Aruther submitted a VA form 21-0517 Improved Pension Eligibility Verification Report (EVR) dated 4/13/1998 for the time period from September of 1997 through September of 1998. On this form, Aruther falsely denied having income from employment in 1997 and 1998, and omitted that he wife and child were receiving public assistance (although he did

---

[1] Aruther had also falsely received SSI from 1991 to 1997, when he failed to report his earnings to SSA. An overpayment of approximately $2,400 was created, but in 1998 SSA recouped the loss after discovering the overpayment through a reduction of Aruther's SSA benefits.

acknowledge on this form that his spouse and child received SSI.)

10. On or about January 5, 2000, Aruther filed a VA form 21-0517, EVR, dated for the time period from January, 1999 through December, 2000. On this form, Aruther falsely denied having income from employment in 1999 and 2000 and only reported SSI for his spouse and child while they also were receiving public assistance.

11. On or about November 2, 2001, Aruther filed another VA form 4-5666, Financial Status Report, on which Aruther failed to report his spouse and child received both SSI and public assistance.

12. In or about November of 2001, the VA Regional Office was notified during an Income Verification Match that Aruther was employed and had an unreported income of $6,151 in 1998 and $2,687 in 2001. The VARO made adjustments to Aruther's VA benefits accordingly.

13. A calculation conducted by the VA Service Center, Chicago, IL, advised that due to the material false statements, and withholding of true income information, Aruther Prather fraudulently received $21,684.00 in VA benefits that he was not entitled to from January 1997 through December 2003.

14. On June 25, 2003 Aruther Prather was interviewed by this affiant, SA Terry Brown, SSA OIG, and Steve Hilgers, Investigator, IDPA. Aruther Prather admitted that he failed to report his earnings and Alma's income to the VA while receiving a VA pension. He also admitted that he knew of the requirement to do so.

15. Additionally, Alma Ousley-Prather was a resident of Sangamon County who received public assistance from the Illinois Department of Human Services from July 1991 through August 2003. During this time period, Alma Ousley-Prather deliberately failed to report her income from employment and her marriage to Aruther Prather and his income from employment, unemployment benefits and income from the VA benefits to the Department of Human Services (DHS) in order to prevent the reduction and/or cancellation of her public assistance, and to the Social Security Administration in order to prevent a cancellation and/or reduction of the SSI she was receiving for herself and children. This resulted in her being provided $18,847 in excess grant benefits from July 1991 through May 2002 and $14,557 in excess food stamp benefits from July 1991 through August 2003, with a total of $33,404.00. By failing to report her marriage to Aruther Prather in 1991, by failing to report income from employment she received in the name of "Alma Prather, and by continuing to claim benefits in the name of "Alma Ousley," she received additional SSI payments of $10,446.00 to which she should not have been eligible.

16. According to records reviewed by Special Agent Terry Brown of the Social Security Administration, Office of Inspector General, in or about March 1991,

3

Alma Ousley became entitled to SSI benefits. At that time, the report filed by Alma Ousley listed a contact named "Aruther Prather" as a "friend." Several months later, on or about July 15, 1991, Alma Ousley married Aruther Prather. Later she filed for SSI for Quazara Prather (child) and Omara Ousley.

17.  Despite her marriage, Alma Ousley-Prather continued to sign for and receive SSI benefits in the name of "Alma Ousley." There is no evidence to suggest that Alma made an effort to report her marriage or that she had received a spouse's portion of Aruther Prather's VA benefits. Additionally, on a periodic basis, she also went to work under the name of Alma Prather and failed to report the work activity to SSI or to the IDPA. Though she used her married name to work, she kept her SSN record as Alma Ousley.

18.  Contained in Quazara's SSI claim folder are school records that indicate that the child was being raised in a two-parent household. Alma Ousley-Prather filed for Quazara's SSI on or about December 16, 1992. She did not list any income other that her (Alma) SSI and ADC. She filed a supplemental SSI application as well. Further Alma signed a Statement of Income and Resources form and she did not report any other income other than her SSI. In August 1993, Alma signed to be requested as payee for Quazara. On this document she agrees to report certain events and to file an annual report of earnings if required. The file also contains an SSA informational letter (carbon copy) addressed to Alma Ousley and date stamped April 1997. This letter informs her she is required to report any changes that could affect the SSI payment (i.e. marital status / household changes). On or about February 19, 1999, Alma Ousley completed a Statement of Income of Resources for Quazara and Omara's SSI claim. Again, she did not list her spouse's income. On or about 5/21/2002, Alma Ousley did sign a Statement for Determining Continuing Eligibility for SSI and Statement of Income for Quazara on which she indicated that Aruther was living in the household. However, she did not disclose any of his or her portion of VA benefit that was being paid to Aruther. It was not until May of 2002 that Alma Ousley-Prather reported to the Social Security Administration that Aruther Prather was a member of the household and had minimal income, although she has never reported the income he was receiving from the V.A.

19.  As a result of Alma Ousley-Prather's failure to disclose to SSA about her marriage, work activity and income / resources (i.e. VA benefits), the total SSI overpayments has been determined to be $10,446.00. The overpayment has been determined by SSA as follows:

Alma Ousley's SSI record – $5,879.00
Quazara Ousley (child) SSI record – $3,446.00
Omara Ousley (child) SSI record - $1,011.00

Alma Ousley was the representative payee for both children, thus she is held liable for the overpayments that have occurred on these records as well as for her own SSI

record. (See Exhibit #11 for overpayment notices issued to Alma Ousley).

20. Finally, Alma Ousley-Prather fraudulently received $18,847 in excess grant benefits from July 1991 through May 2002 and $14,557 in excess food stamp benefits from July 1991 through August 2003, with a total of $33,404.00 fraudulently received from the Illinois Department of Public Aid (IDPA).

21. This overpayment from IDPA was the result of Alma Ousley-Prather's failure to report her income from Egizzi, Robbins & Polk; Temple Management of Springfield; James Hospitality LLC; CHC Motel Partners, Inc., P.C. Staybridge LLC; Cree Development Corporation; G. Rupnik & R. Rupnik and Central ILL Staffing Services, LLC in order to prevent the reduction and/or cancellation of her public assistance benefits.

22. The records of IDPA show that on or about December 21, 1999, Alma Ousley Prather (using the name "Alma Prather") submitted an application for food stamps. On this application, she identified four persons living in the household, which included herself and three minor children. She reported "Arthur Prather" as a noncustodial parent. Additionally, on the application, she listed that no one in the household had any income from employment, from a pension or from VA benefits. Additionally, at this time, Alma Ousley-Prather was admonished as to her responsibility to make truthful statements, and to report any changes.

23. On or about October 27, 2000, Alma Ousley-Prather signed and filed an "AABD Redetermination Report Form" with the Illinois Department of Human Services (DHS). Once again, Ousley-Prather failed to list her husband as a member of the household, although collateral records suggest he was living there at the time and receiving income, disability and pension benefits from the VA, and contributing to the household. The only income listed at this time was from SSI for herself and one son.

24. On or about January 22, 2002, Alma Ousley-Prather again signed an Application For Food Stamps and filed it with DHS. Once again she failed to list that Aruther Prather was a member of the household, was receiving income from various sources, and was contributing to the household.

25. On or about February 13, 2002, Alma Ousley-Prather signed and filed a Request for Cash Assistance-Medical Assistance-Food Stamps form which again failed to disclose that Aruther Prather lived in the residence, had income from various sources, and contributed to the household.

26. On June 25, 2003, Special Agents Terry L. Brown and Joanne Beltrame and Public Aid Investigator Steve Hilgers interviewed Ms. Ousley-Prather and Mr. Prather. The subjects were interviewed separately. Ms. Ousley-Prather was interviewed at her home and Mr. Prather was interviewed at the Lakeside

Apartments, where he was temporarily staying with friends.

27. With regard to Ms. Ousley-Prather's interview, in summary she claimed that she did call the Social Security Administration "many years ago" to report that she was married to Aruther Prather. She was not sure exactly when she had reported the marriage. She also further claims that she did report her work activity, although she was not certain if she had reported her work at the time she began work or if it was after SSA had discovered that she had been working. Ms. Ousley-Prather stated that her relationship with Mr. Prather has been not been steady over the years. She said that he would "come and go," sometimes living outside home for several weeks. But she claims that he lived outside the home more than he lived inside the home with her. However, she stated that Mr. Prather usually provided her with at least $200.00 per month to help out with expenses but he rarely helped out with the rent. She stated that the rent was in both names. Ms. Ousley-Prather claims that she had no idea what Aruther was doing with the VA.

28. Aruther Prather stated that he always helped out his family by paying at least one-half the rent (rent was $425 - $450 per month). Mr. Prather contradicted Ms. Ousley-Prather's statement by saying that he lived with her more than he lived outside their home since 1991. He said that at most he lived away from their home for 30 days at a time and that occurred only a few times over the years. Mr. Prather said that he usually gave Alma $100.00 to $200.00 per month when he was not working and that when he was working and getting VA benefits, he gave her $1,000 per month. He said while they are currently separated, he is giving her $200.00 per month and that he buys his son clothing.

29.  Based on all of the records and investigation to date, I believe that both Aruther and Alma Prather have committed criminal acts by making false statements and by failing to provide truthful information which would affect the amounts of benefits they received when they were required to do so.

Further Affiant sayeth not.

s/Joanne Beltrame
Joanne Beltrame
Special Agent
Department of Veteran's Affairs
Office of Inspector General, Investigations

Subscribed and sworn to before me
this 7th day of September, 2005.   2:30 pm

s/ Byron G. Cudmore
Byron G. Cudmore
United States Magistrate Judge